Dear Mr. Tomino:
This office is in receipt of your request concerned with entering into an "agency agreement" with the Federation of State Boards of Physical Therapy Examiners. Said agreement would designate the Federation to act as agent on behalf of the Board of Physical Therapy Examiners in regards to the Federal Healthcare Fraud and Abuse Data Collection Program administered by the United States Secretary of Health and Human Services. You advise in your letter that the Board is a member of the Federation and that the Federation is a non-profit private corporation organized under the laws of the State of Virginia. You further advise that the Federation has instituted a disciplinary data bank which contains disciplinary tracking information beneficial to the Board and the other state regulatory agencies.
Congress enacted into law the Health Insurance Portability and Accountability Act of 1996 which established the Healthcare Fraud and Abuse Data Collection Program. Pursuant to this Act, state boards are required to report certain information including final adverse actions such boards have taken against licensees to the Health Integrity and Protection Data Bank ("HIPDB").
You mentioned that the Board and the Federation are interested into entering into an agency agreement whereby the Federation would be the designated agent to act on behalf of the Board regarding the reporting of such information, and submitting queries to the HIPDB pursuant to the Act. In your letter you further advise that it will be necessary for the Federation to indemnify, hold harmless and agree to defend the Board with regard to acts or omissions on the part of the Federation which would result in non-compliance with the Act.
You also state that the agreement will contain language with regards to the maintenance of security and confidentiality by the Federation with regards to information that it receives as the agent of the Board with regards to the HIPDB. You further advise that there will also be a clause in the agency agreement whereby the Board or the Federation may terminate the agency agreement within a certain time frame of written notice received by the other party.
In your request you specifically ask the following questions: Can an agency relationship be entered into by the Board and the Federation? What would be the appropriate procedures for entering into such an agency relationship? Would an agency agreement establishing the relationship have to be approved by another State agency, and which State agency would review and approve such as agreement? Are there any other issues which your office feels needs to be addressed regarding this inquiry?
Pursuant to LSA-R.S. 37:2401.2 of the Physical Therapy Practice Act, the Board has the authority to promulgate Rules which will assist the Board in carrying out its mandates pursuant to the law. More specifically, LSA-R.S. 37:2401.2 A (3) provides that the Board shall:
 adopt rules and regulations necessary for the efficient operation of the Board in accordance with the provisions of the Administrative Procedure Act, R.S. 49:950 et seq.
Through correspondence with the Board's attorney, in order to effectuate the agency relationship, the Board is agreeable, as per its authority in R.S. 37:2401.2 A (3), to promulgate an Emergency Rule which will be in compliance with the Administrative Procedure Act's requirements of imminent peril to public safety. In conjunction with the Emergency Rule, the Board will pursue the normal rulemaking procedure in order to promulgate the Emergency Rule as a final Rule. Such approach will be in compliance with the Physical Therapy Practice Act and the Board's legal authority pursuant to this law.
With regard to the procedures for entering into such an agency relationship our office suggests that it would be prudent for the Board to review any such agreement with the Louisiana Department of Health and Hospitals. Our office also suggests that a provision in the agreement provide for which state's law will govern the contract in case of a dispute between the two organizations. Our office also has a concern with the attempt to contract the possible liability of the Board for violation of federal law. According to the Healthcare Fraud and Abuse Data Collection Program, there are sanctions for failure to report information timely. The Act provides that the Secretary of Health and Human Services shall provide for a publication of a public report that identifies those Government agencies that have failed to report information on adverse actions as required to be reported. The Office of the U.S. Secretary of Health and Human Services may be able to offer more assistance with regard to such federal penalties.
I hope that the above has addressed your concerns. Should you have any questions please feel free to contact our office.
Yours very truly
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CHARLES H. BRAUD, JR.
ASSISTANT ATTORNEY GENERAL
RPI:CHB/mjb